UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AETHRA SISTEMAS AUTOMOTIVE, S.A.,

    Plaintiff,

v.

ADDISON MCKEE, INC.,

    Defendants.

Case No. 1:11-cv-846

Bertelsman, J.
Bowman, M.J.

**MEMORANDUM ORDER**

On November 30, 2012, Plaintiff moved the Court to compel Defendant Addison McKee, Inc. ("Addison") to respond to its written discovery requests within fourteen days. (Doc. 28). Pursuant the procedures of the undersigned magistrate judge, to whom all pretrial proceedings and non-dispositive motions have been referred other than motions *in limine* (Doc. 12), the Court conducted at telephonic hearing on the motion on December 13, 2012. During the conference, Defendant brought to the Court's attention the possibility of another, unrelated dispute, concerning Plaintiff's production of discovery materials. However, the Court declined to address that dispute based upon the failure to demonstrate exhaustion of efforts to resolve the dispute extra-judicially.

**Background**

After the parties were unable to reach an informal agreement concerning the production of discovery, Addison refused to make a more formal production of discovery unless and until the parties could agree upon a protective order. More than two months

after the first draft of a protective order was proposed by Addison, the parties remain unable to reach agreement on its terms. Plaintiff maintains that none of the documents in this litigation should be designated confidential, while Addison argues vigorously that some protection is both necessary and appropriate for its confidential business records. Fortunately, the parties reached partial agreement prior to turning to this Court for assistance, and Plaintiff has tendered the latest drafts of the proposed agreement as exhibits to its motion, including a clean copy of Plaintiff's proposal (Doc. 29-6, Exhibit F) and a red-lined version with Defendant's last revisions. (Doc. 29-7, Exhibit G). Having reviewed the motion to compel and having heard oral argument, it is clear that just two related issues remain: (1) the conformity of the draft protective order with Sixth Circuit case law; and (2) the parties' continuing disagreement over the scope of what should be designated "confidential."

**Analysis**

Under Sixth Circuit case law including *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996), there is a strong presumption for public access to all documents filed of record in litigation. In *Bankers Trust*, the Sixth Circuit was highly critical of the district court's decision to approve a broad stipulated protective order, which provided that "parties and non-parties....could, in their discretion, designate discovery material as 'confidential' and could have such material filed under seal if the parties agreed that it reflected 'trade secrets or other confidential research, development or commercial information." The Sixth Circuit noted that the Agreed Protective Order improperly permitted the "parties and not the court ...[to] determine

whether the particular documents met the requirements of Rule 26. The Sixth Circuit explained:

> The District Court cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public. It certainly should not turn this function over to the parties, as it did here...The protective order in this case allows the parties to control public access to court papers, and it should be vacated or substantially changed.

*Id.* at 227.

As in *Bankers Trust*, in this case the proposed protective order inappropriately gives the parties complete discretion to file under seal discovery materials that only they have designated as "confidential," (see Doc. 29-7 at ¶5), without oversight by the Court. That provision must be altered to conform to Sixth Circuit law, by permitting Court review of any document designated as confidential by the parties that the parties intend to use at trial and/or seek to file under seal. Typically, this is accomplished by changing the language to require the parties to file a motion seeking leave to file a document under seal, and by simultaneously tendering the "confidential" information or document to the Court in camera, either through manual delivery or through electronic transmission to bowman_chambers@ohsd.uscourts.gov, together with a proposed order permitting the document to be filed under seal.

The second related issue is the parties' continuing disagreement over the scope of what may be designated as "confidential." Plaintiff objects to the very broad language proposed by Addison, that in theory would permit Addison to designate nearly all documents as confidential information. Plaintiff seeks to limit the possible universe of "confidential" documents to financial and design information (other than the design of equipment or parts sold to Plaintiff), whereas Addison seeks to include "marketing,

sales, manufacturing, technical, licensing, research and development and design information."

While the Court appreciates the good faith representation of counsel that it will not overuse the "confidential" designation, the breadth of the language proposed by Addison exceeds the boundaries of what is permitted under Sixth Circuit case law. On the other hand, the Court accepts counsel's argument that some small number of additional documents, beyond the financial and limited design information identified by Plaintiff, may be entitled to protection. Striking the balance that the parties have been unable to reach, the Court will direct Plaintiff to add to its definition of "confidential" the words "trade secrets." Other than the changes noted herein, the protective order most recently proposed by Plaintiff (Exhibit F) meets with the approval of this Court.

Accordingly, **IT IS ORDERED**:

Plaintiff's motion to compel (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART**:

1. Plaintiff shall change its proposed Protective Order (Doc. 29-6) as stated herein on or before Monday, December 17, 2012, and shall tender the Order in either Wordperfect or Microsoft Word format to Bowman_chambers@ohsd.uscourts.gov, with copies provided to all counsel of record;

2. The Court will review and enter its Order not later than Wednesday, December 19, 2012;

3. Defendant Addison shall complete its production in conformity with the Protective Order as soon as practicable, but not later than **January 8, 2013**.

5

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge